**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICHARD D. MILTON,

      Petitioner,

      v.                                        CASE NO. 20-3314-SAC

SHANNON MEYER, Warden,
Lansing Correctional Facility,

      Respondent.

## ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court grants Petitioner's motion for leave to proceed *in forma pauperis*. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

In May 2007, a jury convicted Petitioner of four counts of rape, two counts of aggravated sodomy, and two counts of aggravated indecent liberties with a child.  *See Milton v. State*, No. 111,428, at p. 3, 2015 WL 6630375 (Kan. Ct. App. Oct. 30, 2015) (unpublished opinion), *rev. denied* 305 Kan. 1252 (2016).  The trial court sentenced Petitioner to 429 months' imprisonment with 36 months' postrelease supervision.  *Id.*  Petitioner appealed and on December 10, 2010, the Kansas Court of Appeals affirmed his convictions.  *Id.* at 4.  The Supreme Court denied review of Petitioner's direct appeal on February 15, 2011.  *Id.* (citing *State v. Milton*, No. 99,584, 2010 WL 5139871 (Kan. App. 2010) (unpublished opinion), *rev. denied* 291 Kan. 916 (2011)).

Petitioner filed a petition for writ of habeas corpus under K.S.A. 60-1507 on

November 21, 2013.  *Milton v. State*, No. 111,428, at p. 4.  The trial court dismissed Petitioner's motion as time barred.  *Id*.  Petitioner appealed, arguing that it would be manifestly unjust not to extend the time limitation of K.S.A. 60-1507(f)(1)(i).  *Id*. at 5.  On October 30, 2015, the Kansas Court of Appeals affirmed the dismissal of Petitioner's motion, finding that he failed to establish manifest injustice to extend the one-year limitation period and failed to set forth a colorable claim of actual innocence. *Id*. at 6–7.   The Kansas Supreme Court denied review on December 15, 2016.

Petitioner filed a second K.S.A. 60-1507 motion on May 10, 2017.  On October 27, 2017, the state district court summarily denied Petitioner's second state habeas action as untimely. Petitioner appealed the dismissal.  *See Milton v. State*, Case No. 119,821, 2019 WL 2553529 (Kan. Ct. App. June 21, 2019), *rev. denied* Dec. 31, 2019.  The Kansas Court of Appeals affirmed the dismissal on June 21, 2019.  *Id*.   The petition for review was denied on December 31, 2019.

Petitioner filed the instant § 2254 petition in this Court on December 23, 2020.

**Discussion**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  The Rules of the U.S. Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari.  Sup. Ct. R. 13(1).  "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).  The limitation period begins to run the day after a conviction becomes final.  *See Harris v. Dinwiddie*, 642 F.3d 902, 906–07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The Kansas Court of Appeals found that Petitioner did not set forth a colorable claim of actual innocence.

Petitioner's direct review concluded when the Kansas Supreme Court denied review of Petitioner's direct appeal on February 15, 2011. Petitioner had ninety days to seek review before the U.S. Supreme Court. Thus, Petitioner's limitations period began to run around May 17,

2011.  Petitioner did not file his first state habeas until November 21, 2013.  Therefore, Petitioner's limitations period for filing the instant habeas petition expired before Petitioner filed his state habeas.  Furthermore, both of Petitioner's state habeas actions were not timely filed and therefore did not qualify as a "properly filed application for State post-conviction or other collateral review" as required to toll the limitations period.  Where a State post-conviction petition is rejected by the State court as untimely, it is not "properly filed" and does not toll the statute of limitations.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Artuz v. Bennett*, 531 U.S. 4, 11 (2000).

The instant Petition is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling.  The Court directs Petitioner to show cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED THAT** the Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until **January 29, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his habeas claims should not be dismissed due to his failure to commence this action within the one-year limitation period.

**IT IS SO ORDERED**.

**Dated December 30, 2020, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**