**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RICHARD D. MILTON,**

   **Petitioner,**

   **v.**                                                    **CASE NO. 20-3314-SAC**

**SHANNON MEYER,**

   **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. On December 30, 2020, the Court directed Petitioner to show cause why his petition should not be dismissed due to his failure to commence this action within the one-year limitation period. (Doc. 3.)   Petitioner filed his response on January 22, 2021. (Doc. 4.)   Having reviewed the response and the attached documents, the Court finds that Petitioner has not shown good cause why his petition should not be dismissed as untimely.

**Background**

In May 2007, a jury convicted Petitioner of four counts of rape, two counts of aggravated sodomy, and two counts of aggravated indecent liberties with a child. See *Milton v. State*, 2015 WL 6630375, at *2 (Kan. Ct. App. 2015). The trial court sentenced him to 429 months' imprisonment. *Id.* Petitioner appealed and the Kansas Court of Appeals (KCOA) affirmed the convictions and sentences on December 10, 2010. *State v. Milton*, 2010 WL 5139871, at *1, 7 (Kan. Ct. App. 2010), *rev. denied* Feb. 15, 2011. The Kansas Supreme Court (KSC) denied the petition for review on February 15, 2011.

On November 21, 2013, Petitioner filed a motion for writ of habeas corpus under K.S.A. 60-1507, which the district court dismissed as time-barred. *Milton v. State*, 2015 WL 6630375, at

*2. The KCOA affirmed the dismissal and the district court's holding that Petitioner had failed to establish manifest injustice that would warrant extension of the deadline to file a 60-1507 motion. *Id.* at 6-7. The KSC denied review on December 15, 2016.

Petitioner filed a second 60-1507 motion on May 10, 2017, which the district court summarily denied as untimely. The KCOA affirmed the dismissal on June 21, 2019. See *Milton v. State*, 2019 WL 2553529 (Kan. Ct. App. 2019), *rev. denied* Dec. 31, 2019. The KSC denied the petition for review on December 31, 2019. Petitioner filed the present § 2254 petition in this Court on December 23, 2020. (Doc. 1.)

**Analysis**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). As relevant here, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As explained in the Court's show-cause order, Petitioner's limitation period began to run on approximately May 17, 2011. (Doc. 3, p. 4-5.) Yet Petitioner did not file the instant petition until December 23, 2020.

In his response to the Court's show-cause order, Petitioner does not dispute that he filed the instant petition after the limitation period had expired. Nor does Petitioner assert that he is entitled to statutory tolling of the limitation period. See 28 U.S.C. § 2244(d)(2). Rather, he asserts that he is entitled to equitable tolling because he diligently pursued his claims and his failure to timely file the petition was caused by extraordinary circumstances that were beyond his control.[1]

---

[1] In addition, Petitioner challenges one of his victim's statements to police and testimony and asserts that he has not been appointed an attorney to help pursue a motion to correct illegal sentence. (Doc. 4, p. 2.) Because those arguments are not germane to the question of the timeliness of the current § 2254 petition, the Court will not address them further.

(Doc. 4, p. 1.) He asserts that the 414 pages of "correspondence" attached to his response show that the delay in filing was caused by the actions of legal organizations and attorneys from whom he sought help pursuing his 60-1507 motion. *Id.*

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Such circumstances include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). An attorney's misconduct or "egregious behavior" also may warrant equitable tolling, see *Holland v. Florida*, 560 U.S. 631, 651 (2010), but "[s]imple excusable neglect is not sufficient," see *Gibson*, 232 F.3d at 808 (citation omitted).

The Court has reviewed the documents attached to Petitioner's response and finds that they do not establish that that Petitioner's failure to timely file a § 2254 petition was caused by extraordinary circumstances beyond his control. Most of the documents Petitioner submitted memorialize events that occurred outside the time in which Petitioner could have filed a timely § 2254 petition. Other documents appear wholly unrelated to Petitioner's failure to file the instant § 2254 petition within the limitation period. The attached documents include, for example, a letter to Petitioner's wife, an excerpt from a 2007 hearing, a KCOA opinion, letters between Petitioner and his counsel related to matters other than pursuing a § 2254 petition, and correspondence between Petitioner and employees of the Kansas Department of Corrections about Petitioner's

desire to obtain records.

Petitioner specifically alleges that "KU law school [held] on to [his] case for almost a year" and "legal aid for prisoners refus[ed] to help [him] file [his] 60-1507." (Doc. 4, p. 1.) But the submitted documents do not establish that the organizations' actions prevented Petitioner from filing a timely § 2254 petition in this Court. To the contrary, at least one of the organizations informed Petitioner of the time limitations for filing a § 2254 petition. (Doc. 4-1, p. 265.)

Similarly, Petitioner summarily asserts that had his attorneys "raise[d] the issues in [his] 60-1507, [he] would be free and [his] claim of innocence would [have] been proven." (Doc. 4, p. 1.) To obtain equitable tolling on the ground of actual innocence, Petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" See *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The response and attached documents Petitioner submitted to the Court do not include such evidence.

Petitioner's conviction became final in 2011, but he did not file the present § 2254 petition until 2020, well outside the one-year limitation period. He has failed to show the type of rare and exceptional circumstances that warrant equitable tolling. Nor has he come forward with new and reliable evidence that was not presented at trial but that shows his actual innocence.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order.  A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The failure to satisfy either prong requires the denial of a COA.   *Id.* at 485.   The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Petition is dismissed for failure to commence this action within the one-year limitation period.

**IT IS FURTHER ORDERED** that no Certificate of Appealability will issue.

**IT IS SO ORDERED.**

**Dated June 11, 2021, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**